NEWBOLES *v.* NEWBOLES.

Opinion delivered July 6, 1925.

1.  WILLS—SUFFICIENCY OF REVOCATION.—An affidavit of a testatrix that she had decided not to will land to her son, which did not refer to or identify a will previously executed by her, nor purport to revoke it, is not a codicil, and does not comply with Crawford & Moses' Dig., § 10501, providing that no will shall be revoked other than by some other will or other writing declaring such revocation and executed with the same formalities required in the execution of wills.

2.  WILLS—ATTESTATION OF SIGNATURE.—An instrument to which the signature of a testatrix was affixed by a notary public without attesting it as a witness as required by Crawford & Moses' Dig., § 10,495, was not valid as a revocation of a prior will.

3.  ARBITRATION AND AWARD—VOID WILL AS SUBJECT OF ARBITRATION.—An instrument which purports to revoke a prior will, but which is void because not executed as required by Crawford & Moses' Dig., § 10501, cannot be the subject of arbitration.

Appeal from Craighead Circuit Court, Lake City District; *W. W. Bandy,* Judge; reversed.

*M. P. Huddleston* and *Hamilton E. Little,* for appellant.

*J. F. Johnston* and *Gautney & Dudley,* for appellee.

HUMPHREYS, J.  This is an appeal from a judgment rendered in the circuit court of Craighead County, Lake City District, in a trial *de novo* on appeal from the probate court of said county, growing out of a proceeding to probate the alleged last will and testament of Sarah Newboles, deceased.  On October 9, 1923, appellant, to whom the land owned by Sarah Newboles was devised, offered the will for probate and made proof of its execution in the manner provided by law.  The clerk admitted the will to probate subject to the action of the probate court.  Appellees, the other heirs of Sarah Newboles, to whom she had devised $10 and an interest in the residue in her personal property, filed their petition on October 11, 1923, objecting to the probate of the will for the following reasons, to wit:

1. That it was executed on Sunday and was not subsequently ratified by the testatrix.

2. That appellant procured its execution by undue influence.

3. That the will was revoked by the affidavit, or codicil, executed on July 14, 1923.

4. That the controversy had been submitted to arbitration and decided adversely to appellant.

The petition concluded with a prayer that said purported will and the alleged proof thereof be rejected; that said codicil be probated as the last will and testament of said Sarah Newboles, deceased, etc.

Appellant filed a response denying each and every material allegation contained in the petition of appellant, with a prayer that the petition be dismissed and the will admitted to probate. The trial in the probate court resulted in a judgment favorable to appellees, from which an appeal was duly prosecuted to the circuit court. The cause was submitted to the circuit court, sitting as a jury, upon the transcript of the proceedings in the probate court and a stenographic report of the testimony there adduced, and judgment was rendered affirming the decision of the probate court, from which is this appeal. As a basis of the judgment, the court made the following findings of fact and declarations of law, to wit:

### FINDINGS OF FACTS.

1. "The court finds that the codicil to the will was executed in the manner and form as required by law.

2. "The court finds that the question at issue between the parties hereto was properly submitted and decided by arbitration in the manner and form as required by law.

3. "The court finds that each and all of the arbitrators possessed the legal qualifications required and were competent arbitrators."

### DECLARATIONS OF LAW.

1. "The court declares the law to be that the codicil to the will was executed in the manner and form as required by law, and amounted to a revocation of the will.

"The court declares the law to be that, under the undisputed evidence in this case, the question at issue was properly submitted to a board of arbitrators, each and all of whom signed the award which set aside the will, and that the signature of Johnson, the fourth arbitrator by them called in, does not render the award invalid, but the name of Johnson should be treated as surplusage."

After the death of Mrs. Sarah Newboles and before this litigation began, her heirs, the devisees in the will, entered into a written agreement to submit the controversy which had arisen between them to arbitration, and selected arbitrators for that purpose. The three arbitrators selected under the agreement were unable to reach a conclusion; and by consent of all parties, F. A. Johnson was called in to assist them. The arbitrators rendered the following award:

"We, the board of arbitrators, agree that the purported will of Sarah Newboles, deceased, is nullified by the affidavit of the said Sarah Newboles, deceased, of date July 14, 1923, and the following described land be divided equally among the heirs at law: "The northwest quarter of the northeast quarter of section 16, township 15 north, range 6 east.

"A. Wineland,
"J. A. Marbey,
"W. C. Vanhook,
"F. A. Johnson."

The will was in due form, but was attacked on the grounds that it was executed on Sunday, and that its execution was procured through the undue influence of appellant over and upon his mother. The affidavit referred to in the award was the attempted renunciation of the will by Mrs. Sarah Newboles, and is as follows:

"Lake City, Ark. 7-14-1923.
"To Whom It May Concern:
   "This it to certify that I have this day decided not
to will my land to my son, James Newboles.
                        "Attest:   Sarah Newboles."
"Witness to signature:
      "S. F. Overall.
      "B. C. Robinson.
   "Subscribed and sworn to this 14th day of July,
1923.
                        "Espie E. Hafer, N. P.
(Seal).
   "My commission expires May 13, 1924."

It will be observed by reference to the award, the
findings of fact, and declarations of law by the court
that both the award and the judgment of the court were
based upon the purported renunciation of the will.  No
other issue in the case was determined by the court except
that the arbitrators were duly appointed and qualified to
act.   This being the case, the correctness of the judg-
ment of the trial  court must be determined by the
validity or invalidity of the instrument relied upon as a
renunciation of the will.   This instrument does not meet
the requirements of § 10501 of Crawford & Moses' Digest,
which in part is as follows:

   "No will in writing, except in cases hereinafter men-
tioned, nor any part thereof, shall be revoked or altered
otherwise than by some other will in writing, or some
other writing of the testator, declaring such revocation
and alteration and executed with the same formalities
with which the will itself was required by law to be exe-
cuted."

   The instrument on its face does not refer to or
identify the will, nor does it purport to revoke the will.
It cannot be treated on its face as a codicil to the will.
Again, it was not executed in the manner required for the
revocation of the will.  According to the undisputed
evidence, the name of the testator was signed to the

instrument by Espie E. Hafer. He did not attest her signature as a witness, and for this reason, the instrument was also void as a revocation of the will in question. Section 10495, Crawford & Moses' Digest. This court in the case of *Abraham* v. *Wilkins*, 17 Ark. 292, said: "There is no room to doubt that where another person signs the testator's name, by his direction, the will is invalid, unless such person shall also write his own name as a witness: in other words, the requirement of the statute that the witness in such case shall also write his own name is not merely directory to secure better evidence of the due execution of the will, but is a necessary ingredient of the attestation itself, etc. It is clear from the statute that where the testator does not himself subscribe the will the formal attestation of the person who signs his name is required. *In the matter of the Will of Cornelius,* 14 Ark. Rep. 682."

The void instrument could not be a subject for arbitration. Neither the arbitrators nor the court could inject life into the instrument. It was not a revocation of the will, and such effect could not be given to it by construction.

On account of the error in doing so, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.