March 25, 1932, Howard Graves Meredith executed his last will and testament and named the Detroit Trust Company and James O. Murfin executors and trustees under the will. On August 28, 1934, he executed a codicil to his last will and testament the effect of which was the naming of Frederick W. Campbell as an additional executor and trustee. Meredith died December 6, 1934.
On February 21, 1935, the will and codicil were presented to the Wayne county probate court for probate; and after a hearing, the will was admitted to probate as the last will and testament of Howard Graves Meredith and the codicil was denied probate. Thereupon an application for a rehearing on the petition for probate of the codicil was filed and granted on March 15, 1935. At this stage in the proceedings a controversy arose between the executors named in the will and the new and additional executor named in the codicil as to the testamentary capacity of Meredith to make and execute a codicil, the result of which was an agreement made between James O. Murfin, attorney for the estate under the will, and A.W. Sempliner, the then counsel for Frederick W. Campbell, proponent of said codicil, that the question of the mental capacity of Meredith at the time of the execution of the codicil should be left to a disinterested party. Later, Peter J. Monaghan, an *Page 299 
attorney of Detroit, was selected and on June 11, 1935, Mr. Monaghan rendered an opinion in which he determined that Meredith did not have mental capacity to make the codicil at the time the same was made. On June 18, 1935, a formal order was made by the probate court denying probate of the codicil. Following this action, an appeal was taken to the circuit court of Wayne county; and on August 26, 1935, the Detroit Trust Company through its attorney filed a motion to dismiss the appeal alleging that the submission of the question of the testamentary capacity of Meredith as of the date of the execution of the codicil "constituted a submission to common-law arbitration," binding upon the parties agreeing to the same and could not be redetermined by a court; that the denial of the codicil to probate and the order based thereon was made with the consent of appellant and amounted to a consent order from which there could be no appeal. On September 12, 1935, an order was entered in the Wayne county circuit court dismissing the appeal. Appellant having obtained leave to appeal from this court now contends that the trial court erred in holding that the question of the testamentary capacity of a testator is a proper subject for arbitration.
At the outset we must have in mind that the jurisdiction and powers of the probate court are statutory. Its powers are limited to such as are given by the Constitution and by statute. The Constitution of 1908, art. 7, § 13, provides that:
"In each county organized for judicial purposes, there shall be a probate court. The jurisdiction, powers and duties of such courts and of the judges thereof shall be prescribed by law, and they shall also have original jurisdiction in all cases of juvenile delinquents and dependents."
See, also, 3 Comp. Laws 1929, §§ 15519, 15520. *Page 300 
In Grady v. Hughes, 64 Mich. 540, 545, Mr. Justice SHERWOOD said:
"The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statute. Its jurisdiction, powers, and duties are prescribed by law."
See, also, Freeman v. Wayne Probate Judge, 230 Mich. 455, andScholten v. Scholten, 238 Mich. 679.
Section 15543, 3 Comp. Laws 1929, provides:
"No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court as provided in this chapter, or on appeal, in the circuit court or Supreme Court; and the probate of a will of real or personal estate, as above mentioned, shall be conclusive as to its due execution."
The solution of the problem involved in this case is dependent upon the theory of arbitration which finds favor in law. Chicago M. L. S. R. Co. v. Hughes, 28 Mich. 186. Michigan has enacted laws relating to arbitration, 3 Comp. Laws 1929, § 15394, and also recognizes common-law arbitration.Galloway v. Gibson, 51 Mich. 135; McGunn v. Hanlin, 29 Mich. 476
. The submission of disputed questions to arbitration may be made by parol. Cady v. Walker, 62 Mich. 157
(4 Am. St. Rep. 834).
The jurisdiction of arbitration is well stated in 2 R. C. L. p. 358:
"The general rule is that all disputed matters not involving questions of a criminal nature are proper subjects for settlement by arbitration. It is not requisite that a legal right of action be involved. Disputes of a criminal nature are not arbitrable, for the reason that they are matters of public concern. * * * Disputes concerning an illegal matter or transaction are not proper subjects for arbitration, and an award in such a case stands upon no *Page 301 
higher ground than the original claim and is consequently unenforceable."
In Needham v. Gillett, 39 Mich. 574, we held that where an estate was not in debt and the heirs at law, being of full age, and having agreed to a settlement of the estate by which they received as much as if the estate had been administered, were estopped to disturb the settlement agreed upon.
In Lasley v. Preston, 132 Mich. 208, this court held that an order of the probate court dividing an estate in accordance with the terms of an agreement necessarily involves a determination that all the parties in interest were before the court.
In Conklin v. Conklin, 165 Mich. 571, 580, this court said:
"We have no doubt that all of the parties in interest in the estate may dispose of the estate by agreement contrary to the terms of the will, and individual legatees may deal with their legacies as they see fit; and persons having interests in the estate, sufficient to entitle them to contest the will, may make valid agreements to forbear a contest."
See, also, Hutchinson v. Hattendorf, 216 Mich. 638.
In Hansbarger v. Hansbarger, 206 Mich. 281, we said:
"It is the rule in this State that persons having such an interest in an estate as entitles them to contest a will may make agreements to forbear or prevent contests. Bean v. Bean,144 Mich. 599; Hull v. Hull, 149 Mich. 500; Garvin v.Stone, 152 Mich. 594; Conklin v. Conklin, 165 Mich. 571; Layer
v. Layer, 184 Mich. 663; Sellers v.Perry, 191 Mich. 619."
In Hoste v. Dalton (syllabus), 137 Mich. 522, this court held:
"Where an arbitration agreement provides that any controversy between the parties thereunder *Page 302 
shall be submitted to the circuit court, and that its decision shall be final, such agreement is valid and binding on the parties, though it ousts the Supreme Court of jurisdiction of an appeal, and precludes a review of the decision of the circuit court."
In Sellers v. Perry, 191 Mich. 619, we said:
"A contract, whereby one interested in defeating the probate of a will agrees to interpose no objection thereto, is not void as against public policy, unless made collusively and in fraud of other parties interested in the estate. Grochowski v.Grochowski, 77 Neb. 506 (109 N.W. 742, 13 L.R.A. [N. S.] 484, and note, 15 Ann. Cas. 300)."
Appellant relies upon Newboles v. Newboles, 169 Ark. 282
(273 S.W. 1026), and Estate of Carpenter, 127 Cal. 582
(60 Pac. 162), as authority for the proposition that a contest concerning a will or codicil is a proceeding in rem and not properly the subject of arbitration or consent. In the ArkansasCase, supra, the court held that the codicil which purported to revoke the will was not a codicil in that it was not properly executed, and being void upon its face was not a proper subject for arbitration, moreover the instrument did not identify the will nor purport to revoke it. In the California Case,supra, where the contest of a will was submitted to arbitration the court said:
"A few individuals claiming to be the heirs cannot, by stipulation, determine such controversy. There are many other reasons why this submission cannot be sustained. The principal beneficiary under the will, being a minor, was not bound by it. The terms of the agreement itself are contradictory and absurd."
We think these cases are distinguishable from the case at bar. In the Arkansas Case the proposed codicil was void upon its face, while in the California *Page 303 Case the terms of the agreement were contradictory and absurd, and the principal beneficiary being a minor was not bound by it.
In the case of In re Arbitration of Johnston, 87 Neb. 375
(127 N.W. 133), the court said:
"A reversal is sought by appellants on the ground that the third paragraph of the agreement of the parties submitted matters which could not be made the subject of arbitration. * * * The words quoted follow provisions which show that the validity of the will offered for probate was in dispute, and that one of the parties to the arbitration claimed title to land which testator attempted to devise to others. Each of these controversies could have been made the subject of a civil action. The expression, 'provides for a fair, just and equitable disposition of the personal property and estate,' is followed by the words, 'in view of all the facts and circumstances, and the rights and equities of said parties in the premises,' and must be construed in connection with the submission as an entirety. The arbitrators understood they were not to make a will. The parties agreed that the will offered for probate should not be contested. Under it the property of which testator died seized vested in the parties to the arbitration. The disputed ownership of the land, the legal title to which was in testator, the validity of the will offered for probate, and the distribution of the entire estate of which testator died seized, in view of the agreement which prevented a contest, were subjects of civil actions and consequently of arbitration. These were matters submitted to the arbitrators, and the agreement of the parties so indicates."
The general rule which may be adduced from these cases is that courts favor arbitration and will recognize this type of agreement when not contrary to public policy, not void or contradictory upon its face and agreed to by all parties in interest. In the case at bar the agreement was not contrary to public *Page 304 
policy, nor were its terms contradictory or void, and we think it was entered into by all of the interested parties. The agreement did not affect the will which had been admitted to probate; it merely related to the codicil and the principal parties interested in the codicil were the three executors named therein. The agreement was not a substitution for the judgment of the probate court, but was, in the final analysis, merely an agreement to prevent a will contest.
Judgment should be affirmed, with costs to defendants.