LEDWIDGE *v.* TAYLOR.

4-5936                                    139 S. W. 2d 238

Opinion delivered April 22, 1940.

■■■■■■■■■■■■■

*David B. Whittington,* for appellant.

*Sydney S. Taylor,* for appellee.

HOLT, J. Appellants assign as error the action of the trial court in sustaining appellees' demurrer to their complaint.

The complaint is as follows: "Come the plaintiffs herein, Maude A. Ledwidge and Lucille M. Campbell, and for their cause of action against the defendants, Jesse Taylor, Executor, and Jesse Taylor, state and allege:

"That on or about the 12th day of December, 1913, Elizabeth Taylor, deceased, executed a will devising and bequeathing all of her property, both real and personal, unto her husband, the defendant, Jesse Taylor; that on or about the 1st day of December, 1938, said Elizabeth Taylor was bequeathed and inherited from her uncle, James D. Moyston, deceased, certain personal property; that plaintiffs are unable to state the exact amount of said property inherited from said James D. Moyston, deceased, by Elizabeth Taylor, deceased, but believe it to be some eight thousand dollars ($8,000) more or less; that, however, the exact amount of said sum is known to defendant herein, Jesse Taylor, Executor; that before and after such time said Elizabeth Taylor expressed and manifested a desire and intention to change her said will, executed December 12, 1913, in order to bequeath the property inherited by her from said James D. Moyston, deceased, to her sister and half sister, the plaintiffs herein.

"That said Elizabeth Taylor, upon manifesting an intention to change said will was told by defendant, Jesse Taylor, that he would cause dire physical harm to come to her if she did or attempted to execute such desire; that said Elizabeth Taylor, deceased, was prevented by force, threats and duress on the part of the defendant, Jesse Taylor, from revoking her will of December 12, 1913, and from executing a new will bequeathing to, or permitting said property to go by the law of descent and distribution to her sister and half sister, the plaintiffs herein; that said Elizabeth Taylor, deceased, died on the 14th day of January, 1939; and that said will of December 12, 1913, was probated January 24, 1939, the defendant, Jesse Taylor, being appointed executor thereunder.

"That demand has been made upon the defendant, Jesse Taylor, Executor, that he turn over to or acknowledge the right of the plaintiffs herein to the property which said Elizabeth Taylor manifested an intention of bequeathing to them, and which she was prevented from bequeathing to them by reason of above mentioned force, threats and duress on the part of the defendant, Jesse Taylor, and that he has refused to do so.

"Wherefore, plaintiffs pray that said Jesse Taylor, Executor, and Jesse Taylor be decreed constructive trustees of all property now in their hands and possession either as legatee under the will, or executor of the estate of Elizabeth Taylor, deceased; that plaintiff be given judgment for their costs herein, and for all other relief, legal and equitable."

The demurrer, which the court sustained, alleges:

"First: That it appears on the face of the complaint that the chancery court has no jurisdiction of the person of this defendant nor does it have jurisdiction of the subject of this action.

"Second: That the plaintiffs have not the legal capacity to sue.

"Third: That the complaint doesn't state facts sufficient to constitute a cause of action against this defendant."

Treating the allegations of this complaint as true, appellants seek to change the terms of the will in question, or to revoke it by parol testimony. The method by which a will may be changed, revoked, or altered, is provided by statute in this state. Section 14519 of Pope's Digest is as follows:

"No will in writing, except in cases hereinafter mentioned, nor any part thereof, shall be revoked or altered otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation and alteration, and executed with the same formalities with which the will itself was required by law to be executed, or unless such will be burnt, torn, canceled, obliterated or distroyed, with the intent and for the purpose of revoking the same by the testator himself, or by some other person, in his presence, by his direction and consent, and when so done by another person the direction and consent of the testator, or the fact of such destruction shall be proved by at least two witnesses."

No attempt to comply with this statute is alleged in the complaint. See *Newboles* v. *Newboles,* 169 Ark. 282, 273 S. W. 1026.

In the case of *Bohleber* v. *Rebstock,* 255 Ill. 53, 99 N. E. 75, 41 L. R. A., N. S., 105, Ann. Cas. 1913D, 307, in considering the effect of an Illinois statute in all essentials similar to our own statute, *supra,* that court said:

"In § 255 of Page on Wills the author discusses the question whether the prevention of the revocation of a will by fraud of the beneficiaries is sufficient to justify a court in declaring a revocation under statutes providing what acts will be sufficient for that purpose, and says the weight of authority is that in the absence of any of the acts specified in the statute a will cannot be revoked by the intention of the testator alone, no matter by what deceit he was prevented from manifesting his intention. According to the author but three states (Connecticut, Georgia and Tennessee,) have decided a contrary view, but in some, if not all, of these states there was at the time of the decisions no statute specifying what acts were necessary to revoke a will. Mr. Page

expresses the view that there ought to be provided by law some remedy in a case where the testator was prevented from revoking his will by actual coercion. Any such remedy, however, would have to be provided by statute.''

In a note following this case the general rule is stated as follows: ''The great weight of authority supports the view taken in the reported case that regardless of intention a will cannot be revoked except in the manner provided by statute.''

Appellants, however, seek to avoid the effect of the above statute by filing their suit in the chancery court and alleging the creation of a trust, that appellee, as beneficiary under the will, and as executor, held the money in trust for the benefit of appellants and by alleging fraud and duress sought to confer jurisdiction on the chancery court.

It is our view, however, that no allegations appear in the complaint on which to base the charge of fraud, duress, or a constructive trust. The allegations of appellants are but conclusions.

In *Pharr* v. *Know,* 145 Ark. 4, 223 S. W. 400, this court said: ''As their first ground they say that the order creating the district was 'procured by fraud, collusion, and mistake'. These are only general allegations. 'General averments amount to nothing unless the facts constituting the charge are distinctly and specifically averred'. *Twombley* v. *Kimbrough,* 24 Ark. 459; *McIlroy* v. *Buckner,* 35 Ark. 555. See, also, *McLeod* v. *Griffis,* 51 Ark. 1, 8 S. W. 837; *Nelson* v. *Cowling,* 77 Ark. 351, 91 S. W. 773, 113 Am. St. Rep. 155.''

No error appearing, the decree of the chancellor is affirmed.