McPHERSON; EXECUTOR, *v.* McKAY, ADMINISTRATOR.

4-7392                                      181 S. W. 2d 685

Opinion delivered July 3, 1944.

*Ned A. Stewart,* for appellant.

*McKay & McKay* and *McReynolds & Flanigan,* for appellee.

SMITH, J. Mrs. Eleanor M. Hope was a resident of Shreveport, Louisiana, at the time of her death on August 12, 1939. She had previously, on September 18, 1936, executed a last will and testament, duly attested, in manner and form provided by the first four paragraphs of § 14512, Pope's Digest. She was the owner of real estate, at the time of her death, in this state, and we held in the case of *McPherson* v. *McKay,* 205 Ark. 1135, 172 S. W. 2d 911, that this will could be admitted to original probate in this state, without having been probated in the state of her residence. On July 7, 1939, Mrs.

Hope executed a holographic will, with no attesting witnesses. Each of these wills made a complete, but different, disposition of her property. On August 14, 1939, the holographic will was admitted to probate in the state of Louisiana, and an authenticated copy of that proceeding was filed in Columbia county, Arkansas, where the lands of testatrix are located, for probate in this state under § 14534 of Pope's Digest.

The authenticated copy of the proceedings in the probate of the holographic will in Louisiana reflect that the proof of the handwriting of testatrix was made by Minna Binkley and Sterling Stewart, the latter being a beneficiary under the will to whom a three-twentieths interest in the lands of the testatrix was devised. The holographic will named Roy B. McPherson as executor, and it appears from the pleadings praying and opposing the probate of the holographic will that the testatrix owned no property in this state other than the real estate.

The probate of the holographic will was resisted, and denied, upon two grounds: (1) That it was not proved to have been so executed as to be a valid will of lands in this state, and, (2) that it could not be pleaded in bar of the prior will, which had already been admitted to probate, and from that order and judgment is this appeal.

The review of this action requires the consideration and construction of certain sections of the Chapter on Wills, appearing in Pope's Digest. The first of these is the fifth paragraph of § 14512, which reads as follows: "Fifth. Where the entire body of the will and the signature thereto shall be written in the proper handwriting of the testator or testatrix, such will may be established by the unimpeachable evidence of at least three disinterested witnesses to the handwriting and signature of such testator or testatrix, notwithstanding there may be no attesting witnesses to such will; but no will without such subscribing witnesses shall be pleaded in bar of a will subscribed in due form as prescribed in this act."

It will be observed that this paragraph requires that the execution of a holographic will be established by the

unimpeachable evidence of at least three disinterested witnesses to the handwriting and signature of the testatrix. The proof in Louisiana was made, not by three, but by only two, witnesses, and only one of these could be called disinterested, the other being a legatee and beneficiary under the will. This paragraph further provides that no will without the subscribing witnesses for which paragraph four of § 14512 provides, shall be pleaded in bar of a will properly subscribed.

. We are not concerned with the effect to be given to the probation of the holographic will in Louisiana upon the property of the testatrix in that state. The question for our decision is what is the will of the testatrix in relation to her property in this state, and that question must be decided in accordance with the laws of this state, and not those of Louisiana. Section 156, Leflar on Conflicts of Laws; § 907, Jones on Arkansas Titles. It was said in the opinion in the case of *Crossett Lumber Co.* v. *Files*, 104 Ark. 600, 149 S. W. 908, that, ''the general rule, without any diversity of opinion, is that the alienation, transmission and descent of real estate is governed by the laws of the country or state in which it is situated. (Citing cases).'' See, also, *Selle* v. *Rapp*, 143 Ark. 192, 220 S. W. 662, 13 A. L. R. 494; *Robertson* v. *Robertson*, 144 Ark. 556, 223 S. W. 32.

The cause was heard on the petition of the executor named in the holographic will, and the response of the administrator appointed upon the probation of the prior will, and there appears to be no dispute as to the facts, which are, that a will executed and attested as required by the laws of this state was admitted to probate, under the authority of our opinion in the case of *McPherson* v. *McKay, supra,* and so far as the record before us reflects, there was and has been no contest of that order.

Has this prior will been revoked? Section 14519, Pope's Digest, provides how a will may be revoked, and reads as follows: ''No will in writing, except in cases hereinafter mentioned, nor any part thereof, shall be revoked or altered otherwise than by some other will in writing, or some other writing of the testator, declaring

such revocation and alteration, and executed with the same formalities with which the will itself was required by law to be executed, or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by some other person, in his presence, by his direction and consent, and when so done by another person the direction and consent of the testator, or the fact, of such destruction, shall be proved by at least two witnesses.''

It was held in the case of *Newboles* v. *Newboles,* 169 Ark. 282, 273 S. W. 1026, that an instrument to revoke a will must be executed in conformity to the statutes; and in the case of *Ledwidge* v. *Taylor,* 200 Ark. 447, 139 S. W. 2d 238, we quoted, with approval, the following statement of the law from § 255 of Page on Wills: ''The great weight of authority supports the view taken in the reported case that regardless of intention a will cannot be revoked except in the manner provided by statute.''

The only act of the testatrix indicating an intention to revoke her will, which has been duly probated, was in the execution of the holographic will; but, as has been said, this holographic will was not executed in a manner to be effective under the laws of this state, but, even so, it could not be pleaded in bar of the will subscribed in due form as provided by § 14512, Pope's Digest.

In the case of *Parker* v. *Hill,* 85 Ark. 363, 108 S. W. 208, the facts were that a testatrix executed a will in manner and form provided by law. She later attempted to execute a holographic codicil, which was admitted to probate, and there was no appeal from the judgment of probate, and because of that fact it was insisted that under the provisions of § 8030, Kirby's Digest, now appearing as § 14531, Pope's Digest, the probate was conclusive until the probate order was superseded, reversed or amended. It was held, however, that the probate of a holographic will would not be given the effect of revoking a prior will which was duly attested, and that a holographic will, not attested, would not be held to re-

voke any part of a prior will which was duly attested by attesting witnesses, although the holographic will was intended to be a codicil to the prior will.

For the reversal of the judgment from which is this appeal, appellant invokes the provisions of § 14534, Pope's Digest, which reads as follows: *"Probate of will of non-resident.* When a will of a non-resident of this state, relative to an estate within this state, has been proved without the same, an authenticated copy thereof, and the certificate of probate thereof, may be offered for probate in this state. When such copy is so offered, the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the state or county of the testator's domicile, and shall admit such copy to probate as a will of personalty in this state; and if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this state by the law thereof, such copy may be admitted to probate as a will of real estate. Civil Code, § 513, subdiv. 5."

But it does not appear that this will was so executed as to be a valid holographic will under the laws of this state, and, had it been, it would not have been effective under the fifth paragraph of § 14512, Pope's Digest, herein above quoted, to revoke the prior will executed as required by the first four paragraphs of that section.

Certain it is that a person cannot have two valid last wills and testaments which make conflicting dispositions of the testator's estate. The holographic will was not executed as a codicil to the prior will, but, even so, it would have been ineffective in so far as there was a conflict between the two wills. This is the point expressly decided in *Parker* v. *Hill, supra*.

We conclude, therefore, that § 14534, Pope's Digest, above quoted, did not authorize the admission of the holographic will to probate, and the judgment so holding must be affirmed.