NOBLIT *v.* NOBLIT.

5-329                                              265 S. W. 2d 520

Opinion delivered March 1, 1954.

[Rehearing denied March 29, 1954.]

*Herrn Northcutt,* for appellant.

*Oscar E. Ellis,* for appellee.

ROBINSON, J. A petition to set aside an order admitting to probate the will of G. H. B. Noblit was denied, and petitioner has appealed. Both the will and the codicil are written in longhand, and may have been written by the testator; however, neither was admitted to probate as a holographic will or codicil.

The will proper leaves both the real and personal property to the widow, and does not mention the testator's daughter, Maude; but the codicil bequeaths to her the sum of $1.00. There is an attestation clause to the will, but none to the codicil. However, the codicil is signed by two witnesses with the word "witness" following each signature. Of course, if the codicil which

names the daughter is not valid, she would inherit the same as if there were no will, since she is not mentioned in the will. Ark. Stat. § 60-507. *Yeates* v. *Yeates,* 179 Ark. 543, 16 S. W. 2d 996, 65 A. L. R. 466. However, the codicil is valid although it has no attesting clause.

"A will is perfectly valid though there is no attestation clause." *Atkinson on Wills,* page 297.

In an annotation on the subject in 76 A. L. R. 617, there is cited a long list of cases from numerous states holding that there is a presumption of proper execution even though there is no attestation clause where the attestation is merely by subscription or followed by the word "witnesses."

"Although there is some authority to the contrary, the better rule is that a presumption of due execution may arise on proof of the genuineness of the signatures of the testator and the attesting witnesses, notwithstanding the attestation clause of the will is incomplete or defective in failing to recite to observance of some formality required by statute in the execution of wills. In fact, according to many authorities, a due and proper execution of a will may be presumed on proof of the circumstances stated above, even though there is no attestation clause, as where the witnesses are merely indicated to be such by the word 'witnesses' appended to their signatures." 57 Am. Jur. 577.

Appellant argues that on the authority of *McPherson, Executor,* v. *McKay, Administrator,* 207 Ark. 546, 181 S. W. 2d 685, a duly attested will can not be superseded by a holographic codicil. Here, however, there are attesting witnesses to the codicil and it is therefore not to be classed as holographic.

Affirmed.

Mr. Justice WARD not participating.