————o————

SAMUEL NEEDHAM, ADM'R ET AL. v. DANIEL GILLETT,
ADM'R ET AL.

*Estoppel from disturbing settlement of estate.*

Where an estate is not in debt, and the heirs-at-law, being of full
age, carry out a settlement upon which they have all agreed,
and by which they receive all that they could by virtue of an
administration, they are estopped from disturbing it.

Certiorari to the Circuit Court for St. Joseph county.
Submitted October 24. Decided October 31.

APPEAL from an order of the probate court appoint-
ing Daniel Gillett administrator of the estate of Harriet
L. Bradley. Decedent's sole property was a mortgage
made to her by her brother Thaddeus Wilson, to secure
his note for money lent to him by her. She died intes-
tate leaving no kindred but Thaddeus Wilson and three
other brothers, and they agreed that Thaddeus should
pay decedent's funeral expenses, and give each of the
others $300 in full of their claims under the note and

mortgage, for which they would discharge the mortgage, and they did so accordingly. Thaddeus afterwards died intestate, leaving a widow, but no heirs besides his three brothers, and Samuel Needham was appointed his administrator. On the petition of one of the surviving brothers Daniel Gillett was afterwards appointed administrator of the estate of Harriet L. Bradley. The widow and the administrator of Thaddeus Wilson appealed from the appointment, but the Circuit Court affirmed the order of the probate court, and they brought the proceedings to the Supreme Court on writ of certiorari.

*John B. Shipman* for plaintiffs in certiorari. Where all parties interested in an estate have settled their interests in it, the settlement is binding on the parties to it, and none of them can defeat it by procuring administration, *Hibbard v. Kent*, 15 N. H., 516; *Clarke v. Clay*, 31 N. H., 393; *George v. Johnson*, 45 N. H., 456; *Giles v. Churchill*, 5 N. H., 337; *Taylor v. Phillips*, 30 Vt., 238; *Babbitt v. Bowen*, 32 Vt., 437; *Kilcrease v. Shelby*, 23 Miss., 161; *Reid v. Butt*, 25 Ga., 28; *Walworth v. Abel*, 52 Penn. St., 370; 3 Redf. Wills [2d ed.], § 19; the parties interested can divide an estate without proving the will, *Carter v. Owens*, 41 Ala., 217; administration can be dispensed with and distribution may be decreed where the only office of an administration would be distribution, *Fretwell v. McLemore*, 52 Ala., 124.

*Louis T. N. Wilson* for defendants in certiorari.

MARSTON, J. We can discover no good purpose that could be subserved by the appointment of an administrator in this case. Whether, under the agreed facts, the settlement made between the heirs at law of Harriet L. Bradley, constitutes no legal bar to the granting of administration upon her estate, as claimed, or not, yet such settlement ought to and would equitably estop them from afterwards attempting to open or disturb it. It is

agreed that there are no creditors or others interested in this matter, and that the mortgage and note secured thereby represented the only property and all the property of which she was possessed at and previous to her decease. Nor were there any debts. Under such circumstances, where all the heirs at law, being of full age, meet and agree upon a settlement and division of the property, and the same is in good faith carried out, it would be strange indeed if they could retain what they had thus received, being all the law would have given them under any course of settlement by an administrator, and still commence proceedings to recover the same again.

This case is clearly distinguishable from those cited by counsel for defendant in error.

The proceedings in the probate court and judgment in the circuit must be reversed, set aside and held for naught, with costs to plaintiff in error.

The other Justices concurred.