DAVID A. KOHN

*v.*

THE COLUMBIA NATIONAL BANK.

</div>

*Filed at Ottawa November 9, 1896—Rehearing denied March 6, 1897.*

1. APPEALS AND ERRORS—*when judgment of Appellate Court is final.* Where, in suits at law, no exceptions are preserved to the rulings of the trial court on evidence, and all propositions of law submitted by the appellant are held as law and none are submitted by the appellee, the only questions remaining are those of fact, which are conclusively settled by the finding of the Appellate Court.

2. JURISDICTION—*parties cannot confer jurisdiction on Supreme Court by stipulation.* Parties cannot, by stipulation, confer jurisdiction upon the Supreme Court to review a question of fact conclusively settled by the finding of the Appellate Court, nor can they, by stipulation, convert a question of fact into one of law.

*Kohn* v. *Columbia Nat. Bank,* 60 Ill. App. 304, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

MORAN, KRAUS & MAYER, and MONROE & THORNTON, for appellant.

DUNCAN & GILBERT, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:
This was an action of assumpsit, brought by David A. Kohn, appellant, against the Columbia National Bank of Chicago. The declaration contained three special counts and the common counts. The first special count was in substance as follows: That plaintiff loaned defendant $25,000, and to secure the same defendant delivered him $25,000 in Mecca bonds, and executed and delivered to him the following contract:

> "THE COLUMBIA NAT. BANK, CHICAGO.
> "CHICAGO, ILL., *January 8, 1892.*
> "*Mr. D. A. Kohn, City:*
> "MY DEAR SIR—If you will purchase $25,000 of the first mortgage bonds of the Mecca Company at par, secured by a trust deed in the hands of the Illinois Trust and Savings Bank, said bonds drawing seven per cent interest from January 1, 1892, and due in ten years from date, we will agree to buy said bonds back from you at the same price you paid for same at any time you may so desire upon thirty (30) days' notice from you, allowing you the interest on said bonds from the 1st of January, 1892, until the date of our purchase from you, we reserving the right to purchase these bonds from you at any time by giving you ten (10) days' notice, provided you do not desire to keep them as a permanent investment; that is to say, if we have an oportunity to sell them permanently and you do not desire to keep them, and if you do not deliver said bonds to us within ten (10) days from the receipt of our notice of our desire to buy said bonds back from you, then this obligation to re-purchase the bonds from you shall be void.
> "Yours, very truly,    Z. DWIGGINS, *Cashier.*
> Accepted:   D. A. KOHN."

That plaintiff demanded the repayment of said moneys in installments of $5000, and interest every thirty days, and defendant paid the first installment and promised to pay the others, but failed so to do. The other counts were predicated on the contract, but it will not be necessary to set them out here.

The defendant pleaded the general issue, and by agreement a trial was had before the court without a jury, and upon the evidence introduced by the respective parties the court found the issues for the defendant. The plaintiff appealed to the Appellate Court, where the judgment was affirmed.

There was no ruling of the circuit court during the trial in regard to the admission or exclusion of evidence to which exception was taken and preserved by the appellant. The court held as law all the propositions which appellant requested, and no propositions were offered or held on behalf of appellee. The only question, therefore, which can come on this appeal is, whether, under the evidence introduced on the trial, appellant was entitled to recover, and that is a question of fact which cannot be considered here. The judgment of the Appellate Court affirming the judgment of the circuit court is conclusive upon all questions of controverted fact.

It appears, however, that at the close of the trial in the circuit court, and before the court rendered final judgment, the parties entered into an agreement, as follows: "Stipulated that upon appeal either party might, on this record, raise any and all questions and reasons for reversing the judgment herein, without any special findings of facts or conclusions of law." In the argument some importance is sought to be attached to the stipulation. The parties to a cause may conduct a trial by stipulation in such manner as they may determine, not inconsistent with the law or the rules of court; but they cannot, by stipulation, convert a question of fact into one of law, nor can they call upon this court to decide a question of fact which, under the statute, has been settled by the judgment of the Appellate Court.

As no questions of law have been raised for our consideration by the record, the judgment of the Appellate Court will be affirmed.        *Judgment affirmed.*