Fox and others, Respondents, vs. MARTIN, Appellant.
Same, Appellants, vs. SAME, Respondent.

*October 16 — October 30, 1900.*

*Wills: Contest: Allowance of counsel fees out of estate: Executors: Stip-
ulation.*

1. In a contest as to the validity of a will the allowance to the parties
   of counsel fees to be paid out of the estate, in addition to statutory
   costs, is without authority of law; though upon the settlement of
   an executor's account he may receive credit for expenses of that
   nature properly incurred by him.
2. The person named as executor in a will is not an executor until he
   has qualified as such and been confirmed in his office.
3. If the parties to a will contest do not include all who are benefi-
   cially interested in the estate, a stipulation between them that
   counsel fees shall be allowed, payable out of the estate, is not bind-
   ing or effective.

APPEALS from a judgment of the circuit court for Wauke-
sha county: JAMES J. DICK, Circuit Judge. *Reversed on
both appeals.*

This is a contest as to the probate of the will of W. H.
Stickney, deceased. The will was admitted to probate by
the county court of Waukesha county, but the decree was
reversed by the circuit court upon appeal, and allowances
were made by the circuit court for counsel fees payable out
of the estate to both parties. The judgment of the circuit
court was reversed by this court upon appeal. 104 Wis.
581. Upon the filing of the *remittitur* of this court in the
court below, judgment was entered affirming the decree of
the county court admitting the will to probate, and further
providing that those parts of the previous judgment which
provided for the payment of allowances for counsel fees to the
proponent and to the contestants should stand, on the ground
that such was the agreement of the parties. The judgment
also allowed to the proponent the further sum of $300 as

counsel fees payable out of the estate for services in this court upon the previous appeal. The proponent appeals from that part of the judgment allowing the contestants counsel fees payable out of the estate, and the contestants appeal from that part of the judgment allowing the proponent $300 as counsel fees payable out of the estate for services upon the previous appeal.

For the proponent there was a brief by *Tullar & Lockney,* and oral argument by *Henry Lockney.*

For the contestants there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

WINSLOW, J. These appeals bring squarely before us the question as to the power of the circuit court to allow to the parties to a will contest counsel fees to be paid out of the estate in addition to statutory costs. It is not to be denied that the practice of making such allowances finds support in decisions of this court, and that prior to the decision in the case of *In re Donges's Estate,* 103 Wis. 497, the subject was in a state of considerable confusion.

That was an action for the construction of a will, the contest being between heirs at law and legatees; this is a contest as to the validity of a will, the contest being between heirs at law and the proponent of the will; but no reason occurs to us why the same rule as to the making of allowances for counsel fees outside of the statutory costs should not logically apply to one case as well as to the other. In that case the authorities were reviewed, the distinction between statutory costs and allowances for counsel fees pointed out, and the general subject of the power of the circuit court to grant such allowances payable out of the estate discussed, and a conclusion reached. That conclusion was, in general terms, that the allowance of counsel fees over and above statutory costs is without authority of law. In that case the executors were not parties to the litigation, and the question

as to whether such allowance might properly be made to an executor or trustee was expressly left undecided, for that reason. Attention was, however, called to the fact that, if such counsel fees had been incurred by an executor or trustee in the performance of the duties of his trust, and were proper in character and reasonable in amount, there is ample power to allow him credit therefor in the settlement of his accounts by the court charged with the duty of passing upon his official accounts.

In the case now before us there is no executor present, and hence no question arises as to the validity of an allowance to an executor. The proponent is the person named as executor in the will, but is not an executor, within the meaning of the law, because he has not qualified or received his appointment from the county court. *In re Will of Somervaill*, 104 Wis. 72. It results that the rule adopted, after full consideration, in the *Donges Case* is applicable to the present case. *Patton v. Ludington*, 103 Wis. 629.

It is sought to sustain the allowance to the contestants, however, on the ground that the parties agreed to such allowance in open court at the conclusion of the trial of the case in the circuit court. It appears by affidavits filed that after the case was originally decided in the circuit court and the will denied probate, the court asked the parties, "How much do you want for an allowance?" and that the attorneys for both parties replied, in substance, that they would leave it to the court, whereupon the court allowed them $500 apiece out of the estate in addition to taxed costs. Treating this as a stipulation between the parties, an interesting question is presented. Of course, parties who are *sui juris* and are dealing with their own property or rights may unquestionably control such property and rights by stipulation, as they choose, and their agreement will be respected and enforced by the courts. But it is difficult to see how parties who neither own nor control a fund or estate can stipulate away

any part of that fund of estate. In order to justify the court. in ordering payments of this nature out of an estate by virtue of a stipulation, all who are beneficially interested in the estate should certainly join in the stipulation. If the proponent of a will and the contestants may, by stipulation, carve up the estate to pay for their litigation, and thus bind the court, an easy way is opened to dissipate estates and leave both legatees and creditors without redress. It is true that in the present case the contestants are also legatees, but there are other legatees not parties to the stipulation, and there may be creditors. To give binding force to the stipulation under such circumstances would be a clear departure from correct principles. Neither the trial court nor this court can be thus bound. On grounds of public policy and for the due protection of estates, we find no difficulty in holding that the present stipulation was ineffective, and that it does not in any way embarrass the court in the application of the law as laid down in the *Donges Case.*

Both appeals, therefore, are well founded.

*By the Court.*— Those parts of the judgment appealed from are reversed on both appeals, and the action is remanded for further proceedings according to law.