LASLEY *v.* PRESTON.

1. JUDICIAL RECORDS—PRESUMPTION OF NOTICE.
    After the lapse of 20 years, an order of the probate court will be presumed to have been based on due notice.

2. EVIDENCE—ANCIENT DOCUMENTS—PRESUMPTION.
    An agreement for the settlement of an estate, filed in the probate court, will be presumed to be genuine after the lapse of 20 years.

3. JUDICIAL RECORDS—DIVISION OF ESTATE—PARTIES.

An order of the probate court dividing an estate in accordance with the terms of an agreement necessarily involves a determination that all the parties in interest were before the court.

4. EVIDENCE—RECORDS OF PROBATE COURT.

A probate record of the proceedings in the settlement of an estate is not rendered inadmissible by the fact that there were entered therein purported copies of powers of attorney and releases which had been used as evidence by the probate judge in settling the estate.

5. ESTATES OF DECEDENTS—CONSTRUCTION OF AGREEMENT.

The heirs of a decedent entered into an agreement by which part of them assigned to S. "all their right and interest in and to the share of the whole of the estate remaining as is hereinafter more fully specified." A subsequent provision recited that the heirs should be tenants in common, and that S. should receive four out of fifteen shares. *Held,* that S. was not entitled to the whole estate by the assignment, but the language quoted referred to the share allotted to him in the subsequent provision.

Error to Mackinac; Shepherd, J. Submitted January 15, 1903. (Docket No. 52.) Decided January 27, 1903.

Ejectment by George Lasley, Peter Lasley, and Isabel A. Lasley against William P. Preston. From a judgment for plaintiffs on verdict directed by the court, defendant brings error. Affirmed.

*Henry Hoffman* (*A. H. Ryall,* of counsel), for appellant.

*M. Brown* (*James McNamara,* of counsel), for appellees.

MONTGOMERY, J. This is an action of ejectment, brought to recover eight-fifteenths part of certain lands described in the declaration. The plaintiffs had judgment, and the defendant brings error.

The plaintiffs' title is derived through William Lasley and George Lasley, who were, by the decree of the pro-

bate court of the county of Michilimackinac, decreed to be each entitled to four-fifteenths of the land as heirs of Samuel C. Lasley, deceased, which decree bears date March 6, 1848. · The questions presented relate to the admissibility of this record in evidence and to the effect of the decree. It is contended by the defendant that the record is not admissible as evidence:

"1. For the reason that none of the parties to the agreement, as appears by said agreement, appeared before the court at the time of the presentation of this agreement, or at the time of the making of the order based upon this agreement.

"2. That the said agreement was not signed by John D. Lasley, one of the parties in interest, or by any one authorized to sign for him.

"3. That it does not appear from said record that the parties to the said agreement were all the parties interested in said estate, and in the land in question, as heirs of Samuel C. Lasley.

"4. That a part of said record, if not all of it, was made up of a record of instruments not authorized by law to be recorded in the office of the probate court."

As to the first and second of these objections, we think the presumption in favor of jurisdiction should obtain. In 1 Greenl. Ev. (16th Ed.) p. 115, the rule is correctly stated:

"The presumption will also be made, after 20 years, in favor of every judicial tribunal acting within its jurisdiction, that all persons concerned had due notice of its proceedings."

There can be no doubt that the probate court had jurisdiction to determine the heirs and to make the order which it entered, and therefore this presumption should be indulged.

The third contention, viz., that it does not appear that all the parties interested in said estate were parties to the agreement entered into, may be answered by the same considerations, for it was not alone the agreement of the parties which appears of record, but the determination of the court that the estate of Samuel C. Lasley, deceased,

should be divided in accordance with the terms of the agreement, and this, of necessity, involved the determination that the parties interested in the estate were before the court.

The fourth point is based upon the fact that there were entered of record purported copies of powers of attorney, releases, etc., which were certified by the probate judge to be a true copy. We think the objection mistakes the purpose of these entries. These instruments were not recorded as notice to the world of the rights which they conferred, but appear to have been entered by the probate judge as a part of the evidence upon which he acted, or, more properly, as copies of the evidence upon which he acted. This was probably an unnecessary proceeding, as, had the probate court determined the facts as those copies of instruments would indicate them to exist, the record would have been conclusive without any entry of the evidence upon which it was based.

The remaining contention is that, by the terms of the agreement, the title to the land is shown to have been vested in Henry Silby, and this is based upon the agreement, which is in part as follows:

"And, for value received of George Lasley, the said John Lasley assigns to said George Lasley, his heirs, executors, administrators, and assigns, all his right and interest in and to the whole of said estate, except as to the said Lasley farm; and in consideration of certain sums advanced by said Henry Silby for the said estate, and for other valuable considerations, the said parties of the first part, for themselves and for each of their heirs, executors, administrators, and assigns, have assigned and hereby do assign to the said Henry Silby, and to his heirs, executors, administrators, and assigns, all their right and interest in and to the share of the whole of the estate remaining as is hereinafter more fully specified; the said pieces and parcels of land, with their hereditaments and appurtenances, which are hereby intended to be divided among the said several parties, being as follows."

This is subsequently followed by another provision:

"It is hereby agreed by and between the above parties, and each one, for himself and herself, and for his and her heirs, executors, administrators, and assigns, that the whole of the above-mentioned property remaining for distribution in the estate of Samuel C. Lasley shall be held and owned by said William Lasley, George Lasley, James Lasley, Julian Silby, Samuel J. Irvine,. and Henry Silby as tenants in common in manner following, to wit: The said William Lasley shall be entitled to four shares, the said George Lasley shall be entitled to four shares, the said James Lasley shall receive and be entitled to one share, the said Julian Silby shall receive and be entitled to one share, the said Samuel J. Irvine shall receive and be entitled to one share, and the said Henry Silby shall receive and be entitled to four shares; making in all fifteen shares or parts."

And by the determination of the court:

"The remainder of said real estate, being the two lots in the village of Mackinac, more fully described by said agreement (see pages 61, 63, and 64), to be held in common by William Lasley, George Lasley, James Lasley, Julian Silby, Samuel James Irvine, and Henry Silby (the heirs of Margaret Drew and Samuel Lasley having received their shares, as is shown by their releases—see folios 64, 65, 66, and 67—; also John Lasley, one of the heirs, having disposed of his interest to George Lasley, as is shown by his power of attorney—see folios 70 and 71—), as per said agreement, being deemed a full and final administration and bar to all further claims or demands against the said estate."

The defendant's contention is that, by the first clause quoted, the entire right of the estate in these lands was to be assigned to Henry Silby. We do not so construe it. It appears that Henry Silby had become entitled by assignment to certain interests in this land in excess of his interest as heir, so that under the agreement he was entitled to take four shares of the fifteen. We think the reference in the clause first quoted, "to the said Henry Silby, and to his heirs, executors, administrators, and assigns, all their right and interest in and to the *share* of the whole of the estate remaining as is hereinafter more fully specified,"

must be held to refer to the share allotted to him in the subsequent clause, to wit, four-fifteenths.

We discover no error in the record, and the judgment will be affirmed.

The other Justices concurred.