*In re* ESTATE OF MEREDITH.

CAMPBELL *v.* DETROIT TRUST CO.

1. WILLS—PRESENTMENT FOR PROBATE.
    Every person having the custody of the will of a deceased person. must, within 30 days after knowledge of the death of testator deliver same to probate court having jurisdiction or the person named in the will as executor (3 Comp. Laws 1929, § 15531).

2. SAME—ACCEPTANCE OF TRUST BY EXECUTOR.
    After a will has been delivered into probate court, executor named therein must inform the court if he will accept the trust (3 Comp. Laws 1929, § 15532).

3. SAME—CONTEST—EMPLOYMENT OF COUNSEL.
    If a will is contested, the executor named therein may employ counsel to sustain the will (3 Comp. Laws 1929, § 15532).

4. SAME—INSTITUTION OF PROBATE PROCEEDINGS.
    No petition by an executor or by any other person is necessary to institute probate proceedings (3 Comp. Laws 1929, § 15537, as amended by Act No. 321, Pub. Acts 1931).

---

* See opinion on rehearing, *post,* 718.—REPORTER.

5. SAME—PROBATION WITNESSES.
   If there is no contest of a will the probate court may grant probate on the testimony of one subscribing witness (3 Comp. Laws 1929, § 15541).

6. COURTS—PROBATE COURT JURISDICTION—STATUTES.
   Jurisdiction of the probate court is derived entirely from statute, none of it from the common law.

7. JUDGMENT—CONSENT.
   A judgment by consent cannot ordinarily be set aside or vacated by the court without the consent of the parties thereto since it is not the judgment of the court but the judgment of the parties.

8. WILLS—PROCEEDING IN REM.
   The probate of a will is a proceeding *in rem*, one which determines the condition or status of the estate itself.

9. CONSTITUTIONAL LAW—LIBERTY OF CONTRACT.
   Liberty of contract is an essential of that liberty protected by the Constitution.

10. CONTRACTS—PARTIES.
    All persons of full age and sound mind and under no restraint may enter into any contract not prohibited by law or opposed to public policy in relation to any rights which they have.

11. EXECUTORS AND ADMINISTRATORS—SETTLEMENT OF ESTATES.
    Estates of deceased persons may be settled between all those interested competent to contract without the intervention of the probate court.

12. WILLS—MENTAL COMPETENCY—NOTICE.
    Statutes relating to probation of wills contemplate hearing before the probate court and determination by that court of testator's mental competency after notice of time and place of proving the will has been given to all persons interested (3 Comp. Laws 1929, § 15537, as amended by Act No. 321, Pub. Acts 1931, § 15541).

13. SAME—FOREIGN WILLS.
    Before making an order admitting a foreign will to probate it must appear that the instrument ought to be allowed in this State (3 Comp. Laws 1929, § 15545).

14. Same—Resident Testator.
   When the will of a resident testator is offered for probate and shall have been duly allowed, the probate court shall issue letters testamentary (3 Comp. Laws 1929, § 15566).

15. Same—Mental Competency—Statutes.
   The sole authority to pass upon mental competency of testator is vested by statute in the probate court.

16. Same—Executors—Contest of Subsequent Codicil.
   An executor named in a will does not have such an interest in testator's estate as entitles him to contest a subsequent codicil.

17. Same—Determination of Mental Competency—Statutes— Stipulations.
   Parties cannot, by agreement, supersede essential regulations of law for investigation of causes and stipulate to set aside statutory method prescribed for determining mental competency of testator.

18. Same—Contest—Statutes.
   The right to contest a will is purely statutory and can be exercised only in accordance with, and within limitations prescribed by, statute; the issue not being subject to variance or restriction by the parties.

19. Same—Contest—Codicils—Arbitration.
   Power to determine mental competency of testator to make a codicil cannot be conferred upon an arbitrator chosen by the parties even by consent of the parties to the contest if notice of contest had been filed.

20. Stipulations—Proceeding in Rem—Manner of Trial—Mental Competency.
   Parties to a civil cause may not stipulate for its determination by the trial court in a manner contrary to statute or rules of court; much less change method of procedure in proceedings *in rem,* such as determination of mental competency of testator by person other than probate judge.

21. Wills—Executors—Contest—Codicils.
   No one who has no pecuniary interest in the estate may contest the appointment of the executor and trustee named in a codicil, but only persons who might be injured by admitting the contest to probate may contest it.

22. Same—Contest—Basis of Right.
   An interest in the property of the estate affected by the will is the foundation of the right to contest it.

23. SAME—EXECUTOR—CODICILS—CONTEST.

Designation by will of certain party as executor does not give that party such an interest as entitles him to caveat codicil revoking such appointment.

24. SAME—EXECUTORS—TRUSTEES—MENTAL' COMPETENCY—PARTIES.

Persons named as executors and trustees by testator in will and codicil have no such interest in the estate as to permit them to agree to submit question of testator's mental competency to a third person for determination as their agreement would not bind those who have a pecuniary interest in the estate and no such agreement under any circumstances could bind estate unless all persons interested therein were parties thereto.

25. SAME—CONTEST—PROBATE COURT.

The probate court cannot delegate its power and authority to hear testimony and pass upon such proof as should be presented in a will contest.

26. ARBITRATION AND AWARD—STATUTES—COMMON LAW.

Arbitration proceedings recognized in this State are either statutory or common law.

27. SAME—STATUTES—PARTIES—PROCEEDINGS IN REM.

Statute relating to arbitration provides only for arbitration of cases which might be subject to an action at law or suit in chancery and applies only to controversies between parties, not to proceedings *in rem* (3 Comp. Laws 1929, § 15394 *et seq.*).

28. SAME—MENTAL COMPETENCY—OATHS—JUDGMENT.

Proceedings before a third party in which mental competency of testator to execute a codicil adding another executor and trustee was discussed *held*, without effect, where there was no execution of an agreement to arbitrate, no hearing held before so-called arbitrator, no oath administered to him or witnesses before him, no agreement as to binding force and effect of any award and no money or damages awarded upon which judgment could be entered.

29. SAME—COMMON LAW—SPECIFIC PERFORMANCE.

Arbitration upon subject of mental competency of testator to execute codicil adding another executor *held*, invalid as a common-law arbitration since court could not specifically perform it as award was one which could not be submitted to arbitration.

30. Wills—Parties—Purpose of Probate.

Proceedings to probate a will are not suits or actions since they may affect persons not named in the record, rights of all persons concerned or interested in the estate are concerned and its purpose is to ascertain and settle the state or condition of the subject matter.

31. Same—Probation—Issue.

Issue upon admission to probate of a will is marked out by statute and may not be contracted to the detriment of those concerned or interested by the act of others who happen to be proponents.

32. Action—Parties.

A transaction between two contending parties cannot bind the interests of a third.

33. Wills—Appeal of Contest to Circuit Court.

Proceedings in circuit court upon appeal thereto in will contest from probate court are precisely like those in latter court—statutory prerogative proceedings to determine status of deceased's estate and in no sense to be regarded as contentious litigation *inter partes*.

34. Same—Question of Testacy—Parties.

Determination of testacy or intestacy binds all interests in decedent's estate.

35. Same—Probation—Proceeding in Rem—Purpose—Parties.

The probation of a will or codicil is a proceeding *in rem* and has for its object the establishment of the will or codicil and is an adjudication of the status of the estate in which all who are concerned or interested are parties.

36. Same—Appeal—Consent.

Order of probate court admitting will, but not codicil, to probate, claimed to have been entered by consent of all parties involved, *held*, appealable, where fact it was made by consent does not appear upon body of order.

37. Same—Executors—Contest—Codicils—Stipulations—Beneficiaries.

Executors named in will have no such interest in estate of deceased as entitles them, or any of them, to contest admission of codicil to probate court nor enter into valid stipulation to submit question of testator's mental competency to execute such codicil to person other than probate judge nor bind beneficiaries under will.

38. SAME—CODICIL—PARTIES.

All persons beneficially interested in the estate of a deceased have a right to be heard upon the question of whether a codicil shall be admitted to probate or not.

39. ARBITRATION AND AWARD—WILLS—CODICILS—MENTAL COMPETENCY.

Proceeding before a third party purporting to arbitrate question of testator's mental competency to execute codicil *held*, without authority as an arbitration and not an arbitration actually had under statute or according to common law (3 Comp. Laws 1929, § 15394 *et seq.*).

40. WILLS — CODICILS — MENTAL CAPACITY — CONTEST — CONSENT — EXECUTORS.

Order of probate court admitting will, but not codicil, to probate, even though consented to by executors named in will and codicil *held*, invalid and without jurisdiction of probate court, where *prima facie* case was made as to due execution of codicil and mental capacity of testator to execute it, no contest of codicil was filed, presented or before probate court and no evidence of testator's mental competency presented to probate court, and executors had no power or authority to so consent.

41. SAME—CODICILS—CONTEST.

No one without a pecuniary interest in estate which may be injuriously affected by admission of codicil to probate may contest its validity or make any agreement in relation thereto.

42. SAME—MENTAL COMPETENCY—JURISDICTION—STIPULATIONS.

Jurisdiction of probate court to determine mental competency of testator to execute codicil adding another executor may not be ousted by stipulation between executors to submit such question to a third party, nor is the probate judge permitted to abdicate his jurisdiction in such manner, since the determination of such question is a judicial matter and is governed by statute.

EDWARD M. SHARPE, J., dissenting.

Appeal from Wayne; Campbell (Allan), J. Submitted January 16, 1936. (Docket No. 44, Calendar No. 38,673.) Decided April 6, 1936.

James O. Murfin and the Detroit Trust Company presented the will of Howard Graves Meredith for

probate. Frederick W. Campbell presented for probate a codicil to the will of Howard Graves Meredith. From order admitting will to probate but denying probate of codicil, Frederick W. Campbell appealed to circuit court. Appeal dismissed. Frederick W. Campbell appeals. Reversed.

*Robert M. Brownson, Kenneth Murray* and *Paul Marco,* for appellant.

*David H. Crowley (George M. Clark,* of counsel), for appellees.

POTTER, J. Howard Graves Meredith, March 25, 1932, made and executed his last will and testament, naming Detroit Trust Company and James O. Murfin executors and trustees thereof. August 28, 1934, he executed a codicil thereto naming as executors and trustees the Detroit Trust Company, James O. Murfin and Frederick W. Campbell. Substantially the only change in the will by the codicil was the naming of Mr. Campbell as the additional executor and trustee. Mr. Meredith died December 6, 1934. The will and codicil were before the probate court of Wayne county.

By statute, every person having the custody of the will of the deceased person must, within 30 days after knowledge of the death of the testator, deliver the same into the probate court having jurisdiction, or to the person named in the will as executor. 3 Comp. Laws 1929, § 15531. It is then the duty of the executor or executors named in the will to inform the probate court if they will accept the trust. 3 Comp. Laws 1929, § 15532. If the will is contested, the executor named in the will has authority to employ counsel to sustain the will. 3 Comp. Laws 1929,

§ 15532. No petition by an executor or by any other person is necessary to institute probate proceedings. 3 Comp. Laws 1929, § 15537, as amended by Act No. 321, Pub. Acts 1931. Section 15541, 3 Comp. Laws 1929, provides if there is no contest of the will, the probate court may grant probate on the testimony of one subscribing witness.

No question is made as to the validity of the original will. The only question affecting the merits concerns the validity of the codicil.

Upon the hearing in the probate court upon the admission of the will and codicil to probate, Mr. Murfin, one of the executors named in the original will, testified the *doctors told him* Mr. Meredith was mentally incompetent to transact business when the codicil was executed, and Margaret Williams, testator's housekeeper, testified she thought Mr. Meredith knew what he was doing when the codicil was executed and "the doctor examined him before it was done."

Mr. Murfin had petitioned that the will be admitted to probate. Mr. Campbell had petitioned for the admission of the codicil to probate. Mr. A. W. Sempliner was attorney for Mr. Campbell, and Mr. James O. Murfin, executor, appeared on behalf of the original will. An agreement was made between Mr. Sempliner and Mr. Murfin in open court to submit the question of the mental competency of the testator to a leading Detroit attorney. This matter was apparently taken up with Mr. Monaghan who interviewed witnesses and concluded and found the testator did not have sufficient testamentary capacity to make and execute the codicil in question. There is no proof any testimony under oath was taken before Mr. Monaghan. June 18, 1935, Mr. William Sempliner, son of A. W. Sempliner, ap-

peared in the probate court of Wayne county where the following occurred:

"*Mr. William Sempliner:* This is a petition for rehearing of the will and codicil of Howard G. Meredith, deceased.

"Judge Murfin wants to express his regrets for not being here.

"He is credited with this statement:

" ' The petition for probate of the codicil to the last will and testament of the deceased was filed. At the previous hearing the codicil was denied probate, no one appearing to prove it. Rehearing was granted and by an agreement proofs were taken before Peter J. Monaghan, who filed an opinion that the deceased didn't have testamentary capacity to execute the codicil. Therefore an order denying probate to the codicil should be entered.'

"*The Court:* It has been granted.
"*Mr. Sempliner:* Yes. Rehearing has been granted.
"*The Court:* Order re-entered admitting will and denying codicil probate."

An appeal was taken from the probate court to the circuit court and August 5, 1935, an exemplification of the record of the probate court filed in the circuit court. August 26, 1935, a motion to dismiss the appeal was filed which was opposed. September 6, 1935, Mr. Campbell filed a demand for a jury trial. September 12, 1935, the appeal was dismissed upon the ground the order of the probate court appealed from was entered by consent of all parties involved including the appellant. An appeal to this court was taken and perfected.

It is claimed the trial court erred as a matter of law and fact in dismissing the appeal; in holding the probate of the will or codicil was or could be the proper subject of common-law arbitration or submission to one other than the court; in holding the probate judge could delegate his power and duty of hearing and determining a petition for the probate

of a codicil to one other than the court; in denying appellant's contention the probate of a will or codicil is a proceeding *in rem* which may not be made the subject of common-law arbitration or consent; in holding in effect the parties to the so-called common-law arbitration had agreed to abide by the award; in holding it was not necessary the will or codicil be proved and allowed or denied in the probate court in accordance with the statutes; in holding in effect the testamentary capacity of Howard Graves Meredith was or could be a proper subject matter to be determined by consent without due proof thereof; in holding the so-called common-law arbitration or submission could be the basis of a valid consent order; in holding that William Sempliner, June 18, 1935, then attorney for Frederick W. Campbell, consented to the entry of the probate court order on that date and thereby precluded his client from appealing therefrom; in holding it was not necessary there be an agreement to abide by an award rendered pursuant to a common-law arbitration arrangement where the submission is by parol; in refusing to hold the order of June 18, 1935, was but a part and parcel of and predicated upon the agreement by counsel to submit the question of the testamentary capacity of Howard Graves Meredith at the time of the execution of said codicil to Peter J. Monaghan for determination; in determining the probate court order entered June 18, 1935, denying the codicil to probate was a valid consent order from which no appeal could be taken by Frederick W. Campbell, appellant; in determining disputed questions of fact framed by appellees' motion to dismiss the appeal of Frederick W. Campbell and the answer to said motion and the affidavits of Frederick W. Campbell and Abram W. Sempliner in support of said answer, and in denying appel-

lant's demand for a jury trial of said disputed questions of fact in violation of Court Rule No. 18, § 3 (1933). These 13 assignments of error are condensed into 10 questions said by appellant to be involved.

Appellant contends the probate of a will or codicil is a proceeding *in rem* to which the whole world is a party and which may not properly be made the subject of common-law arbitration or consent; it is necessary a will or codicil be proved and either allowed or denied in the probate court; a probate judge may not delegate his power and duty of hearing and determining a petition for the probate of a codicil to one other than the court; the matter of the probate of a codicil is not the proper subject of common-law arbitration or submission to one other than the court; the testamentary capacity of Howard G. Meredith was not the proper subject matter to be determined by consent of the parties without due proof thereof in the probate court; the submission to Peter J. Monaghan of the question of Meredith's testamentary capacity and Monaghan's opinion could not be made the basis for a valid consent order in the probate court; counsel for appellant did not consent to the entry, June 18, 1935, of an order denying the codicil of Meredith to probate and preclude an appeal therefrom by Campbell; the order of the probate judge denying probate to the codicil of Meredith was a part and parcel of and predicated upon the agreement between counsel to submit the question of the testamentary capacity of Meredith to Monaghan for determination; the validity of the probate order of June 18, 1935, denying probate to Meredith's codicil could not be conditioned upon the submission of the question of Meredith's mental competency to Peter J. Monaghan; that the entry of

the order is a part of and cannot be divorced from the agreement to arbitrate or submit, which entire agreement appellant contends is void and of no effect; the circumstances connected with the entry of the order of June 18, 1935, denying the Meredith codicil probate presented a question of fact for the jury with respect to consent, or lack of consent, to such entry, and appellant was entitled to a jury trial.

Appellees make a counter statement of questions involved, contending the order of the probate court of June 18, 1935, denying probate to the purported codicil was a consent order and the arbitration was valid and binding.

The probate court derives none of its jurisdiction or power from the common law, *Grady* v. *Hughes,* 64 Mich. 540, but must find the warrant for all its doings in the statute. *Grady* v. *Hughes, supra; U. S. Gypsum Co.* v. *Kent Circuit Judge,* 150 Mich. 668; *Nolan* v. *Garrison,* 156 Mich. 397; *Rodgers* v. *Huntley,* 166 Mich. 129.

A judgment by consent cannot ordinarily be set aside or vacated by the court without the consent of the parties thereto, *Commonwealth* v. *Helm,* 163 Ky. 69 (173 S. W. 389); *Karnes* v. *Black,* 185 Ky. 410 (215 S. W. 191); *McEachern* v. *Kerchner,* 90 N. C. 177; *Deaver* v. *Jones,* 114 N. C. 649 (19 S. E. 637), for the reason it is not the judgment of the court but the judgment of the parties, *McEachern* v. *Kerchner, supra; Karnes* v. *Black, supra; Paine* v. *Doughty,* 251 Ill. 396 (96 N. E. 212); 34 C. J. p. 130.

The probate of a will is a proceeding *in rem, Allison* v. *Smith,* 16 Mich. 405; *People, ex rel. Frazer,* v. *Wayne Circuit Judge,* 39 Mich. 198; *Stevens* v. *Hope,* 52 Mich. 65; *In re Will of Dardis,* 135 Wis. 457 (115 N. W. 332, 23 L. R. A. [N. S.] 783, 128 Am. St. Rep. 1033, 15 Ann. Cas. 740); *In re Will of Rice,*

150 Wis. 401 (136 N. W. 956, 137 N. W. 778); *Graef* v. *Kanouse,* 205 Wis. 597 (238 N. W. 377), one which determines the condition or status of the estate itself, *Holcomb* v. *Kelly,* 114 N. Y. Supp. 1048.

Liberty of contract is an essential of that liberty protected by the Constitution. *Allgeyer* v. *State of Louisiana,* 165 U. S. 578 (17 Sup. Ct. 427); 12 C. J. p. 1200. All persons of full age and sound mind and under no restraint may enter into any contract not prohibited by law or opposed to public policy in relation to any rights which they have. The rule is firmly settled in this State that estates of deceased persons may be settled between all those interested competent to contract without the intervention of the probate court. *Needham* v. *Gillett,* 39 Mich. 574; *Lasley* v. *Preston,* 132 Mich. 208; *Powell* v. *Pennock,* 181 Mich. 588. That question is not here. There is no controversy over how testator's estate should be settled. The only question is who shall act as executor of his last will and testament which includes the original instrument and any legal codicils thereto duly admitted to probate.

Assuming there was an agreement between the executors named in the will and the executor named in the codicil, the question is whether they had any power or authority to agree in open court to submit the question of the mental competency of the testator to a third person for determination. There is no precedent for such proceeding. The statutes contemplate a hearing before the probate court and a determination by the probate court of the testamentary capacity of the testator. 3 Comp. Laws 1929, § 15541. Under the statute, notice of the time and place of proving the will and the codicil must be given and this notice is usually given by publication to all persons interested, and the date fixed by such

notice is "when all concerned may appear and contest the probate of the will." 3 Comp. Laws 1929, § 15537, as amended by Act No. 321, Pub. Acts 1931. No order or rule of court named Mr. Monaghan as the person before whom testimony in relation to the mental competency of the testator was to be taken and the testimony, if any adduced, was not taken before him by deposition.

In case of the probate of foreign wills "it shall appear to the court that the instrument ought to be allowed in this State," 3 Comp. Laws 1929, § 15545, before an order admitting it may be made. When a will of a resident testator is offered for probate and shall have been duly allowed, the probate court shall issue letters testamentary. 3 Comp. Laws 1929, § 15566.

The sole authority to pass upon the testamentary capacity of the testator is vested by statute in the probate court. There is some apparent conflict in the decided cases about the authority of a person named as an executor of a will or codicil having such an interest in testator's estate as to permit him to contest a subsequent codicil. L. R. A. 1918 A, pp. 467, 468. These cases divide generally upon the question whether in the particular jurisdiction probate proceedings are regarded as suits between parties to establish or set aside a will, or whether they are regarded, as in this State, as proceedings *in rem,* that is, proceedings to establish and declare the status of the estate, binding on the world. The great, if not the universal, weight of authority where probate proceedings are held to be proceedings *in rem* is that the executor has no such interest. *Meyer* v. *Fogg,* 7 Fla. 292 (68 Am. Dec. 441); *In re Langevin,* 45 Minn. 429 (47 N. W. 1133); *Brewer* v. *Barrett,* 58 Md. 587; *Helfrich* v. *Yockel,* 143 Md. 371 (122 Atl.

360, 31 A. L. R. 323) ; *Reid* v. *Vanderheyden,* 5 Cow. (N. Y.) 719; *In re Stewart's Estate,* 107 Iowa, 117 (77 N. W. 574) ; *Johnston* v. *Willis,* 147 Md. 237 (127 Atl. 862).

Parties cannot by agreement supersede the essential regulations made by law for the investigation of causes, and by stipulation set aside the statutory method prescribed for determining the mental capacity of the testator. *Harris* v. *Sweetland,* 48 Mich. 110.

The right to contest a will is, in this State, purely statutory and can be exercised only in accordance with and within the limitations prescribed by statute. *Lewark* v. *Dodd,* 288 Ill. 80 (123 N. E. 260); *Selden* v. *Illinois Trust & Savings Bank,* 239 Ill. 67 (87 N. E. 860, 130 Am. St. Rep. 180) ; *Storrs* v. *St. Luke's Hospital,* 180 Ill. 368 (54 N. E. 185, 72 Am. St. Rep. 211) ; *Spaulding* v. *White,* 173 Ill. 127 (50 N. E. 224).

The issue therein having been specifically prescribed by statute cannot be varied or restricted by the parties thereto. *Dew* v. *Reid,* 52 Ohio St. 519 (40 N. E. 718).

The power to determine the testamentary capacity of the testator could not be conferred upon Mr. Monaghan even by consent of the parties to the contest if notice of contest had been filed.

Parties even to a civil cause may not stipulate for the determination of the same by the trial court in a manner contrary to the statutes or rules of court. *Kohn* v. *Columbia National Bank,* 165 Ill. 316 (46 N. E. 208).

"Parties cannot by contract change the mode of judicial proceeding. * * * (They cannot) make a binding agreement, requiring a controversy to be tried in court out of the ordinary mode of proceeding. * * * No agreement would be valid, that

would require the court to change the rules of evidence, to submit the decision of the facts in a case to a jury of less than 12 men; nor that would require the court to draw other than the legal and natural conclusion from given premises." *Gittings* v. *Baker,* 2 Ohio St. 21.

See, also, *Fox* v. *Martin,* 108 Wis. 99 (84 N. W. 23); *Kelsey* v. *Forsyth,* 21 How. (62 U. S.) 85.

Much less is a stipulation valid which changes the method of procedure in proceedings *in rem,* and submits the determination of the mental competency of a testator to one man other than the probate judge.

No one who has no pecuniary interest in the estate may contest the appointment of the executor and trustee named in the codicil. *In re Norton's Appeal,* 46 Conn. 527; *In re Estate of Sanborn,* 98 Cal. 103 (32 Pac. 865); *In re Beeder's Estate,* 10 Pa. 261; *Shepard's Estate,* 170 Pa. 323 (32 Atl. 1040); *Cornwell* v. *Cornwell,* 11 Humph. (30 Tenn.) 485; *In re Hickman,* 101 Cal. 609 (36 Pac. 118); *Wynne* v. *Spiers,* 7 Humph. (26 Tenn.) 394; *Bank of Tennessee* v. *Nelson,* 3 Head (40 Tenn.), 634.

It is only persons who might be injured by admitting the codicil to probate who may contest it. *In re Coursen's Will,* 4 N. J. Eq. 408.

An interest in the property of the estate affected by the will is the foundation of the right to contest it. *Brewer* v. *Barrett, supra; Johnston* v. *Willis, supra.*

The question involved here was before the court in *Helfrich* v. *Yockel, supra,* where it is said:

"The exact question here presented, whether an executor, whose appointment has been revoked by a subsequent will or by a codicil to the will by which he was appointed, can maintain caveat proceedings against the later will or the codicil revoking his appointment, when in the event of the annullment of

the will or codicil the only benefit or advantage accruing to him therefrom would be the right to serve as executor and to receive in compensation for his services such commissions as might be allowed him, has never been before this court."

After discussing the case and the authorities, it is said:

"The right conferred upon the appellant by the will, as first executed, and withdrawn from him by the codicil, to serve as executor and to receive commissions for his services as executor when rendered by him, cannot we think be regarded as an interest in the property and estate of the testator entitling him to caveat the codicil."

See, also, *Johnston* v. *Willis, supra.*

The legatees and beneficiaries under the trusts created by the will are not here.

The persons named as executors and trustees by the testator have no such interest in the estate as to permit them to agree to submit the testamentary capacity of testator to a third person for determination. Their agreement could not bind those who have a pecuniary interest in the estate. No agreement of this kind under any circumstances could bind the estate unless all persons interested therein were parties thereto.

The probate court could not abdicate its jurisdiction. It could not delegate its power and authority or its duty, in case there was a contest of the codicil filed, and none was filed in this matter, to hear the testimony, at least to pass upon such proof as should be presented to it.

Arbitration proceedings recognized in this State are either statutory or common-law proceedings.

The statute relating to arbitration provides only for the arbitration of cases which might be subject

to an action at law or suit in chancery.*  It applies only to controversies between parties, not to proceedings for determining the status of estates which are proceedings *in rem*.  Here there was no execution of an agreement to arbitrate, no hearing held before the arbitrator, no oath administered to the arbitrator or the witnesses before him, no agreement as to the binding force and effect of the award. There was no sum of money or damages awarded upon which a judgment could be entered, no judgment of the court could be entered for the recovery of any debt or damages, and, as a common-law arbitration, the court could not decree specific performance of the award because the award was one which could not under the law be submitted to arbitration.

Probate proceedings are not suits or actions. They may affect persons not named in the record. The rights of all concerned or interested in the estate in question are involved.  The issue upon the admission to probate of a will is marked out by statute and may not be contracted to the detriment of those concerned or interested by the act of others who happen to be proponents.  A transaction between two contending parties cannot bind the interests of a third.  An agreement between the parties "has no application to those cases where the object of the litigation is to ascertain and settle the state or condition of the subject matter, as distinguished from the pecuniary rights or liabilities of confronting and contending litigants."  *Allison* v. *Smith, supra.*

Upon the appeal from the probate court to the circuit court, "the proceedings in the circuit are precisely like those in the probate court,—statutory prerogative proceedings to determine the status of

---

* See 3 Comp. Laws 1929, § 15394 *et seq.*—Reporter.

a dead man's estate, and in no sense to be regarded as contentious litigation *inter partes.*  *  *  *  There can be no such thing as a determination of testacy or intestacy which binds one appellant and does not bind the rest. The controversy—or more properly the proceeding, for it is not, correctly speaking, a controversy—includes all interests that the law recognizes for any purpose and binds all." *People, ex rel. Frazer,* v. *Wayne Circuit Judge, supra.*

Cases involving the probate of wills or codicils belong to the class of actions *in rem.* The object is to establish a will, to have the status of an estate adjudicated, and all who are concerned or interested are parties. *Stevens* v. *Hope, supra.*

It is claimed the order appealed from was entered by consent by all parties involved and hence it was not appealable, and the appeal therefrom was dismissed. There is nothing upon the face of the order which indicates it was an order entered by consent. Nor is there anything on the face of the order of the probate court sought to be appealed from that would bar an appeal. It does not appear in the body of the order it was one made by consent and it was, therefore, appealable. But if we go behind the order and investigate the facts, then it appears the executors of the last will and testament of the deceased have no such interest in the estate as entitles them, or any of them, to contest the admission to probate of the codicil to the will of deceased. They could not enter into a valid stipulation to submit the question of testator's mental competency to the determination of a person or tribunal other than the probate court. No action of such executors as such could, under the circumstances in this case, bind the beneficiaries under the will and though one of the executors may be personally interested in the contest of the codicil, his action can bind no one but

himself.   All persons beneficially interested in the estate of the deceased have a right to be heard upon the question of whether the codicil shall be admitted to probate or not.

There is no claim on the part of anyone the estate should be settled otherwise than in accordance with the terms of the testator's will.   There not only was no authority to arbitrate the mental condition of the testator, but no arbitration was actually had under the statute or according to the principles of the common law.

The order of the probate court appealed from, even though it was a consent order, was invalid and entered without jurisdiction.   A *prima facie* case was made in the probate court of the due execution of the codicil and of the mental capacity of the testator to execute it.   No contest of this codicil was ever filed, presented or before the probate court, and no evidence of the testator's mental incompetency was presented to the probate court.   Though the order may have been entered by consent, it was not a valid order for the reason those who may be said to have consented thereto had no power or authority to so consent.   No one without a pecuniary interest in the estate which may be injuriously affected by the admission of the codicil to probate may contest its validity, or make any agreement in relation thereto.   No stipulation such as here involved can oust the jurisdiction of the probate court, permit the probate judge to abdicate his jurisdiction and power or delegate it to a third person not a judicial officer, and no stipulation can provide for the determination of the status of the codicil in any other manner than that provided by statute.   Jurisdiction to determine the competency of the testator may not be conferred by agreement on a third person.   The determination of the invalidity of the codicil, if it is invalid, must

be made in accordance with the statute. The order of the probate court on its face was appealable. If we go behind the face of the order of the probate court we find the order unauthorized.

Judgment of the trial court reversed, with costs, and the cause remanded for further proceedings.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred with POTTER, J.

EDWARD M. SHARPE, J. (*dissenting*). March 25, 1932, Howard Graves Meredith executed his last will and testament and named the Detroit Trust Company and James O. Murfin executors and trustees under the will. On August 28, 1934, he executed a codicil to his last will and testament the effect of which was the naming of Frederick W. Campbell as an additional executor and trustee. Meredith died December 6, 1934.

On February 21, 1935, the will and codicil were presented to the Wayne county probate court for probate; and after a hearing, the will was admitted to probate as the last will and testament of Howard Graves Meredith and the codicil was denied probate. Thereupon an application for a rehearing on the petition for probate of the codicil was filed and granted on March 15, 1935. At this stage in the proceedings a controversy arose between the executors named in the will and the new and additional executor named in the codicil as to the testamentary capacity of Meredith to make and execute a codicil, the result of which was an agreement made between James O. Murfin, attorney for the estate under the will, and A. W. Sempliner, the then counsel for Frederick W. Campbell, proponent of said codicil, that the question of the mental capacity of Meredith at the time of the execution of the codicil should be left to a disinterested party. Later, Peter J. Monaghan, an

attorney of Detroit, was selected and on June 11, 1935, Mr. Monaghan rendered an opinion in which he determined that Meredith did not have mental capacity to make the codicil at the time the same was made. On June 18, 1935, a formal order was made by the probate court denying probate of the codicil. Following this action, an appeal was taken to the circuit court of Wayne county; and on August 26, 1935, the Detroit Trust Company through its attorney filed a motion to dismiss the appeal alleging that the submission of the question of the testamentary capacity of Meredith as of the date of the execution of the codicil "constituted a submission to common-law arbitration," binding upon the parties agreeing to the same and could not be redetermined by a court; that the denial of the codicil to probate and the order based thereon was made with the consent of appellant and amounted to a consent order from which there could be no appeal. On September 12, 1935, an order was entered in the Wayne county circuit court dismissing the appeal. Appellant having obtained leave to appeal from this court now contends that the trial court erred in holding that the question of the testamentary capacity of a testator is a proper subject for arbitration.

At the outset we must have in mind that the jurisdiction and powers of the probate court are statutory. Its powers are limited to such as are given by the Constitution and by statute. The Constitution of 1908, art. 7, § 13, provides that:

"In each county organized for judicial purposes, there shall be a probate court. The jurisdiction, powers and duties of such courts and of the judges thereof shall be prescribed by law, and they shall also have original jurisdiction in all cases of juvenile delinquents and dependents."

See, also, 3 Comp. Laws 1929, §§ 15519, 15520.

In *Grady* v. *Hughes,* 64 Mich. 540, 545, Mr. Justice Sherwood said:

"The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statute. Its jurisdiction, powers, and duties are prescribed by law."

See, also, *Freeman* v. *Wayne Probate Judge,* 230 Mich. 455, and *Scholten* v. *Scholten,* 238 Mich. 679.

Section 15543, 3 Comp. Laws 1929, provides:

"No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court as provided in this chapter, or on appeal, in the circuit court or Supreme Court; and the probate of a will of real or personal estate, as above mentioned, shall be conclusive as to its due execution."

The solution of the problem involved in this case is dependent upon the theory of arbitration which finds favor in law. *Chicago & M. L. S. R. Co.* v. *Hughes,* 28 Mich. 186. Michigan has enacted laws relating to arbitration, 3 Comp. Laws 1929, § 15394, and also recognizes common-law arbitration. *Galloway* v. *Gibson,* 51 Mich. 135; *McGunn* v. *Hanlin,* 29 Mich. 476. The submission of disputed questions to arbitration may be made by parol. *Cady* v. *Walker,* 62 Mich. 157 (4 Am. St. Rep. 834).

The jurisdiction of arbitration is well stated in 2 R. C. L. p. 358:

"The general rule is that all disputed matters not involving questions of a criminal nature are proper subjects for settlement by arbitration. It is not requisite that a legal right of action be involved. Disputes of a criminal nature are not arbitrable, for the reason that they are matters of public concern. * * * Disputes concerning an illegal matter or transaction are not proper subjects for arbitration, and an award in such a case stands upon no

higher ground than the original claim and is consequently unenforceable.''

In *Needham* v. *Gillett,* 39 Mich. 574, we held that where an estate was not in debt and the heirs at law, being of full age, and having agreed to a settlement of the estate by which they received as much as if the estate had been administered, were estopped to disturb the settlement agreed upon.

In *Lasley* v. *Preston,* 132 Mich. 208, this court held that an order of the probate court dividing an estate in accordance with the terms of an agreement necessarily involves a determination that all the parties in interest were before the court.

In *Conklin* v. *Conklin,* 165 Mich. 571, 580, this court said:

''We have no doubt that all of the parties in interest in the estate may dispose of the estate by agreement contrary to the terms of the will, and individual legatees may deal with their legacies as they see fit; and persons having interests in the estate, sufficient to entitle them to contest the will, may make valid agreements to forbear a contest.''

See, also, *Hutchinson* v. *Hattendorf,* 216 Mich. 638.

In *Hansbarger* v. *Hansbarger,* 206 Mich. 281, we said:

''It is the rule in this State that persons having such an interest in an estate as entitles them to contest a will may make agreements to forbear or prevent contests. *Bean* v. *Bean,* 144 Mich. 599; *Hull* v. *Hull,* 149 Mich. 500; *Garvin* v. *Stone,* 152 Mich. 594; *Conklin* v. *Conklin,* 165 Mich. 571; *Layer* v. *Layer,* 184 Mich. 663; *Sellers* v. *Perry,* 191 Mich. 619.''

In *Hoste* v. *Dalton* (syllabus), 137 Mich. 522, this court held:

''Where an arbitration agreement provides that any controversy between the parties thereunder

shall be submitted to the circuit court, and that its decision shall be final, such agreement is valid and binding on the parties, though it ousts the Supreme Court of jurisdiction of an appeal, and precludes a review of the decision of the circuit court."

In *Sellers* v. *Perry,* 191 Mich. 619, we said:

"A contract, whereby one interested in defeating the probate of a will agrees to interpose no objection thereto, is not void as against public policy, unless made collusively and in fraud of other parties interested in the estate. *Grochowski* v. *Grochowski,* 77 Neb. 506 (109 N. W. 742, 13 L. R. A. [N. S.] 484, and note, 15 Ann. Cas. 300)."

Appellant relies upon *Newboles* v. *Newboles,* 169 Ark. 282 (273 S. W. 1026), and *Estate of Carpenter,* 127 Cal. 582 (60 Pac. 162), as authority for the proposition that a contest concerning a will or codicil is a proceeding *in rem* and not properly the subject of arbitration or consent. In the *Arkansas Case, supra,* the court held that the codicil which purported to revoke the will was not a codicil in that it was not properly executed, and being void upon its face was not a proper subject for arbitration, moreover the instrument did not identify the will nor purport to revoke it. In the *California Case, supra,* where the contest of a will was submitted to arbitration the court said:

"A few individuals claiming to be the heirs cannot, by stipulation, determine such controversy. There are many other reasons why this submission cannot be sustained. The principal beneficiary under the will, being a minor, was not bound by it. The terms of the agreement itself are contradictory and absurd."

We think these cases are distinguishable from the case at bar. In the *Arkansas Case* the proposed codicil was void upon its face, while in the *Cali-*

*fornia Case* the terms of the agreement were contradictory and absurd, and the principal beneficiary being a minor was not bound by it.

In the case of *In re Arbitration of Johnston,* 87 Neb. 375 (127 N. W. 133), the court said:

"A reversal is sought by appellants on the ground that the third paragraph of the agreement of the parties submitted matters which could not be made the subject of arbitration. * * * The words quoted follow provisions which show that the validity of the will offered for probate was in dispute, and that one of the parties to the arbitration claimed title to land which testator attempted to devise to others. Each of these controversies could have been made the subject of a civil action. The expression, 'provides for a fair, just and equitable disposition of the personal property and estate,' is followed by the words, 'in view of all the facts and circumstances, and the rights and equities of said parties in the premises,' and must be construed in connection with the submission as an entirety. The arbitrators understood they were not to make a will. The parties agreed that the will offered for probate should not be contested. Under it the property of which testator died seized vested in the parties to the arbitration. The disputed ownership of the land, the legal title to which was in testator, the validity of the will offered for probate, and the distribution of the entire estate of which testator died seized, in view of the agreement which prevented a contest, were subjects of civil actions and consequently of arbitration. These were matters submitted to the arbitrators, and the agreement of the parties so indicates."

The general rule which may be adduced from these cases is that courts favor arbitration and will recognize this type of agreement when not contrary to public policy, not void or contradictory upon its face and agreed to by all parties in interest. In the case at bar the agreement was not contrary to public

policy, nor were its terms contradictory or void, and we think it was entered into by all of the interested parties. The agreement did not affect the will which had been admitted to probate; it merely related to the codicil and the principal parties interested in the codicil were the three executors named therein. The agreement was not a substitution for the judgment of the probate court, but was, in the final analysis, merely an agreement to prevent a will contest.

Judgment should be affirmed, with costs to defendants.